LEWIS SPELTS ET AL. V. GIDEON R. SUTHERLAND.

FILED MAY 5, 1897.   No. 7268.

Judgment for Plaintiff in Action for Services: EVIDENCE: REVIEW. Evidence examined, and *held* sufficient to sustain the judgment of the district court.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J.   *Affirmed.*

*Bartlett, Baldrige & De Bord,* for plaintiffs in error.

*Sutton & Lambert* and *Theo. F. Elliott, contra.*

POST, C. J.

The defendant in error, in the district court for Douglas county, recovered judgment against plaintiffs in error in the sum of $246.51 and costs, being the amount of a balance claimed by him on account of services as a yard man in the Union Stock Yards at South Omaha for the period of one year and four months at the agreed rate of $60 per month.   Plaintiffs in error by their answer admitted that defendant in error entered their service, in the capacity alleged, some time in the month of August, 1890, under an agreement whereby his compensation for the fractional part of said month was fixed at the rate of $55 per month; that he continued in their service during the

months of September, October, and November at the afore-
said rate; that for the month of December his compen-
sation was by agreement fixed at $40, and that during the
month last named they entered into a special contract
with the defendant in error whereby he agreed to work
for them during the year 1891 and to receive therefor $45
per month as full compensation for his services. They
also allege payment in full at the stipulated rate. The
reply was a general denial.

The brief of plaintiffs in error presents in several forms
the single proposition that the verdict and judgment are
unsupported by the evidence. As tending to sustain their
contention with respect to that issue, we are referred to
the significant fact that credit was each month entered
by plaintiffs in error upon their books at the rate alleged
in their answer and payments made to defendant in error
monthly of the amount thus credited and no more. The
latter, however, while admitting the receipt by him of
payments as above stated, testified that such payments
were made and received pursuant to a mutual agreement
whereby plaintiffs in error were authorized to, and in fact
did, retain each month a specified portion of his wages,
and that the balance claimed by him is the total of the
amounts so retained. We agree with the trial judge that
there was a substantial conflict of the evidence upon this,
the only controverted issue of the case, and that the ver-
dict of the jury should not be disturbed.

JUDGMENT AFFIRMED.